IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN PRUITT,

    Petitioner,

v.   No. 11-3116-SAC

JAY SHELTON, et al.,

    Respondents.

MEMORANDUM AND ORDER

This case comes before the Court on Justin Pruitt's petition for a writ of habeas corpus pursuant to 28 USC § 2254. Petitioner claims: 1) that he was denied his right to due process and a fair trial when the trial court refused to allow him to revoke his no contest plea before sentencing: 2) that he was coerced into accepting a plea offer and thus was denied his right to equal protection under the 14th Amendment; and 3) that he was denied his right to effective assistance of trial counsel.

**I. Procedural Background**

On January 28, 2008, Petitioner entered a plea of no contest in the District Court of Lyon County, Kansas, to one charge of aggravated burglary. Several months later, Petitioner filed a motion to withdraw his plea, which was thereafter denied. On August 25, 2008, Petitioner filed a second motion to withdraw his plea, which the district court denied after an evidentiary

hearing.

Petitioner was convicted pursuant to his no contest plea of one count of Aggravated Burglary, and was sentenced to a term of 120 months. Petitioner appealed, contending that the district court erred in denying his motion to withdraw his plea, and in using his criminal history to increase his sentence without requiring his criminal history to be proved to a jury beyond a reasonable doubt. The Kansas Court of Appeals affirmed Petitioner's conviction, *State v. Pruitt*, 218 P.3d 814, 2009 WL 3738497 (Kan. Ct. App., November 6, 2009) (Case No. 101,163) (Unpublished Opinion), and the Kansas Supreme Court denied review of that decision.

Thereafter, Petitioner filed for post-conviction relief pursuant to K.S.A. 60-1507, but was unsuccessful. Petitioner filed but never perfected a notice of appeal from that ruling. He subsequently filed this writ of habeas corpus.

## II. Underlying Facts

On the night of August 30, 2007, Dena Kendrick heard someone in her home, went to investigate the noise, and came face-to-face with an intruder. After the intruder left, she called the police. She subsequently identified Petitioner as that intruder. (R. II, 16).

The facts of the case as determined by the Kansas Court of Appeals in Petitioner's direct appeal follow:

> The State charged the defendant with one count of aggravated burglary, in violation of K.S.A. 21-3716. The day of defendant's trial the defendant attempted to escape from the courtroom before being tackled by a jailer. After completing pretrial matters, the district court

took a recess so the defendant and his counsel could talk regarding plea negotiations.

Upon returning to the courtroom, the defendant's counsel reported a plea agreement had been reached. The defendant agreed to plead no contest to the count of aggravated burglary, and in exchange the State agreed not to file any charges based upon the defendant's escape attempt.

The district court proceeded to question the defendant about his understanding of the plea agreement, his rights regarding trial, and the charges against him. The defendant indicated he understood all of these. The State proffered the affidavit and evidence from the preliminary hearing to establish a factual basis for the plea. The defendant then entered a no contest plea. The district court determined there was a factual basis and found the defendant entered his no contest plea freely and voluntarily, and so accepted the plea and found the defendant guilty.

Subsequently, the defendant filed a motion to withdraw his plea, maintaining his innocence and stating he wanted to confront his accuser at jury trial. The grounds offered by the defendant to support this motion were: (1) he was innocent; (2) he should be able to confront his accuser; (3) no factual basis existed for the court to accept the plea; and (4) he felt intimidated by the prosecutor.

The district court heard evidence and argument regarding the motion. The defendant first presented the testimony of Dr. Robert W. Barnett, a clinical psychologist who had interviewed the defendant. Dr. Barnett testified he diagnosed the defendant with attention deficit disorder and placed defendant's functioning in the borderline mildly mentally retarded range. According to Dr. Barnett, the defendant was fully capable of work and needed to work in order to function appropriately in the community. The defendant testified on his own behalf, stating he was intimidated by the prosecutor in the course of plea negotiations. The defendant further stated there was no evidence he was at the house he supposedly burglarized, he was at home asleep at the time, and he now had an alibi witness, Gary Mason, who was not available at the time of trial. On cross-examination, the defendant admitted Mason had visited the defendant at the jail before the defendant entered his plea. The defendant further admitted he did not have any personal interaction with the prosecutor during the plea negotiations. The defendant called Mason to testify. According to Mason, the defendant resided with Mason on the date of the alleged burglary, and Mason believed the defendant was asleep at home when the alleged burglary occurred. Mason said he had discussed the events with the defendant's counsel before trial, but could not attend trial to testify on the defendant's behalf because of other obligations.

> The district court addressed each of the four grounds listed in the defendant's motion, as well as the newly discovered evidence argument offered at the hearing. The district court rejected the defendant's claim of innocence, noting the defendant pled no contest and therefore did not contest the State's evidence. The district court then found the defendant had been aware of his right to confront his accuser and had chosen to waive that right by entering a plea. The court reviewed the affidavit and testimony that provided the factual basis for the plea and rejected the defendant's argument as to those grounds. The court found the defendant was aware of Mason's possible testimony when the defendant chose to accept the plea bargain and enter his plea. The court rejected the defendant's intimidation argument, finding the prosecutor did not communicate directly with the defendant during the plea discussions. Ultimately, the court denied the defendant's motion to withdraw his no contest plea and sentenced the defendant.

*State v. Pruitt*, 2009 WL 3738497, 1 -2 (Kan.App. 2009).

### III. AEDPA Standard

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett,* 559 U.S. __, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010) (citation and internal quotation marks omitted). Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In order to obtain relief, a petitioner must show that the state court decision is "objectively unreasonable." *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (O'Connor, J., concurring). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone,* 468 F.3d 665, 671 (10th Cir. 2006).

**IV. Withdrawal of Plea — New Evidence**

Petitioner first contends that the trial court erred by not allowing him to withdraw his no contest plea. Petitioner contends here, as he did to the Kansas Court of Appeals, that he should have been allowed to withdraw his plea based on the testimony of his alibi witness, Gary Mason, which Petitioner claimed was "newly discovered evidence." *Pruitt*, 2009 WL 3738497 at *2. Petitioner resided with Mason at the time the aggravated burglary occurred.

### Kansas Court of Appeals Review

The Kansas Court of Appeals found that Mason's alibi testimony did not constitute new evidence because it "was known or should have been known to the defendant before trial." *Pruitt*, 2009 WL 3738497, 3. In reviewing the decision not to permit Petitioner to withdraw his plea, the Court of Appeals asked if:

> (1) the defendant was represented by competent counsel; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made.

*Pruitt*, 2009 WL 3738497 at *2, citing *State v. Adams,* 84 Kan. 109, 114, 158 P.3d 977 (2007). The Court of Appeals found no abuse of discretion in the district court's detailed findings, unchallenged by the defendant, that defendant was not misled, coerced, or otherwise unfairly taken advantage of, and that his plea was fairly and understandingly made.

As to the competence of counsel, the Court of Appeals found:

> Although the district court may not have explicitly considered whether the defendant was represented by competent counsel, the defendant did not raise this issue before the district court or on appeal. Instead, the defendant asserts only that he was entitled to withdraw his plea because of the discovery of "newly discovered evidence"; namely, Mason's alibi testimony.

2009 WL 3738497 at *2. The Court of Appeals concluded that good cause had not been shown for withdrawal of the plea.

### Federal Habeas Review

Under federal precedent, it is within the sound discretion of the trial court to deny a motion to withdraw a plea. *Nagelberg v. U.S.*, 377 U.S. 266,

6

267 (1964). So after a Judge has accepted a defendant's plea for the purposes of Rule 11, that defendant "is not entitled to withdraw his guilty plea as an absolute right." *U.S. v. Salas-Garcia*, __ F.3d __, 2012 WL 5192768, 8 (10th Cir. 2012). Instead, the defendant must show a fair and just reason for withdrawing his plea of guilty or nolo contendere. *United States v. Hyde,* 520 U.S. 670, 671 (1997); Rule 11(d)(2)(B). A defendant's "change of heart does not pass muster" under that test. *United States v. Hickok*, 907 F.2d 983, 986 (10th Cir. 1990).

The due process requirements for a valid plea include a knowing and voluntary plea entered with a "full understanding of what the plea connotes and of its consequence[s]." *Boykin v. Alabama,* 395 U.S. 238, 244 (1969). "The defendant need not understand every collateral consequence of the plea, but need only understand its direct consequences." *United States v. Hurlich,* 293 F.3d 1223, 1230 (10th Cir. 2002). On habeas review, a federal court will "uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty." *Cunningham v. Diesslin,* 92 F.3d 1054, 1060 (10th Cir. 1996). See *Parke v. Raley,* 506 U.S. 20, 28–29 (1992).

The Court of Appeals specifically found that the plea was fairly and understandingly made, and was not coerced. Those factual findings are supported by the record. The extensive plea colloquy shows that Petitioner

7

entered a voluntary plea with full knowledge of the requirements for entry of a valid plea, including knowledge of the offenses with which he was charged, the range of punishment for those offenses, his trial rights, the contents of the plea agreement, and his appeal rights. Trans. Jan. 28, 2008, p. 26-31. Petitioner also agreed that his plea was a free and voluntary act, that he had no complaints about his attorney's representation, and that he was satisfied with his representation. *Id.,* p. 29. Although a petitioner's statements made at the guilty plea hearing "are subject to challenge under appropriate circumstances," they constitute "a formidable barrier in any subsequent collateral proceeding." *United States v. Maranzino,* 860 F.2d 981, 985 (10th Cir. 1988) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1977)); *see also Romero v. Tansy,* 46 F.3d 1024, 1033 (10th Cir. 1995).

In addition to Petitioner's admissions at the plea hearing, the record includes Petitioner's testimony during the evidentiary hearing on his second motion to withdraw his plea. This too indicates that his plea was voluntary and knowing. *See* Trans. Sept. 4, 2008, pp. 24-31. Specifically, Petitioner confirmed the following: on the date he entered his plea, he had reviewed a written tender of plea of no contest form with his attorney; his attorney explained everything in that document to him; he did not recall having any questions about that document; he remembered being advised of the maximum possible penalty of 128 months; he talked with his attorney personally throughout the plea negotiations; he understood that he could be

8

charged with an additional felony offense for attempted escape from custody but that if he agreed to the plea no such charge would be brought; he never had any personal communications from the prosecutor during the plea negotiation process; and his alibi witness visited him in jail before he entered his plea. *Id.*, pp. 29-31. Petitioner's admissions show he understood what the plea meant and the consequences that would flow from it.

During his arguments on the motion to withdraw the plea, Petitioner's counsel clarified that at the time of trial he was aware of Mason's information and intended to use him as a witness, but did not believe his testimony reached the level of an alibi witness. Thereafter, Mason became "positive" that Defendant was home on the evening of the crime, prompting Petitioner's second motion to withdraw the plea on the basis of new alibi testimony. *Id.*, pp. 39-40. But the trial court found that Petitioner knew who Mason was at the time of his plea, and that his testimony was not new or sufficient to warrant withdrawal of his plea. Id., p. 47. The Kansas Court of Appeals' finding that Petitioner was aware of Mason's potential testimony at the time he chose to plead no contest was a reasonable finding.

Petitioner additionally expresses concerns about his lack of mental ability. The Kansas Court of Appeals tacitly found, and the trial court expressly found, that Petitioner was competent to enter a plea. Under Supreme Court precedent, for a plea to be constitutional, the trial court must satisfy itself that a defendant who seeks to plead guilty is competent.

9

*Godinez v. Moran,* 509 U.S. 389, 400 (1993). The United States Supreme Court defines competence in this context as having a "rational understanding of the proceedings." *Dusky v. U.S.*, 362 U.S. 402 (1960).

When considering Petitioner's motion to withdraw the plea, the trial court noted that the decision to enter a no contest plea was "a decision that [Petitioner] could make and probably a decision that would be appropriate," and was "a legitimate decision and one that appears to be fairly well thought out." The district court repeated, "I believe that the defendant knew what he was doing." The district court cited the testimony of Petitioner's expert who had conducted a psychological evaluation of the Petitioner that Petitioner was functionally literate at the 8th grade level. The district court noted that Petitioner had completed 12 years of schooling, and that he appeared to understand the court's questions and give the appropriate responses. Trans. Sept. 4, 2008, p. 47-48. This Court agrees that Petitioner's rational understanding of the proceedings is also evidenced by his own testimony throughout the state proceedings. Accordingly, the Kansas Court of Appeals' findings reflecting that Petitioner was competent to enter a plea are objectively reasonable.

Thus Petitioner has not met his burden is to present clear and convincing evidence to rebut the presumption of correctness attached to the state court's factual determinations. *See Freisinger v. Keith*, 473 Fed.Appx. 846, 848, 2012 WL 1072317, 3 (10th Cir. 2012). Nothing in the Kansas

Court of Appeals' decision was contrary to or involved an unreasonable application of United States Supreme Court precedent. Instead, its review assured that Petitioner's plea of no contest was voluntarily and intelligently entered by a competent defendant with full knowledge of the possible consequences, as required by United States Supreme Court precedent.

## V. *Aprendi* Issue

The petition includes an "*Apprendi/Ivory* issue." See Dks. 7 (Ground One); 18, 19. The State does not respond to this issue. As the Court understands it, Petitioner asserts constitutional error in the Court's use of his criminal history to increase his sentence without requiring his criminal history to be proved to a jury beyond a reasonable doubt.

The Court of Appeals addressed but rejected this claim of error, finding:

> Finally, the defendant contends the sentencing court erred in using his criminal history score to increase the sentence imposed without requiring the prior convictions be proven to a jury beyond a reasonable doubt. In support of this argument, the defendant relies on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
> Our Supreme Court rejected this argument in *State v. Ivory,* 273 Kan. 44, 41 P.3d 781 (2002). However, the defendant asserts *Ivory* is weakened by the United States Supreme Court's decisions in *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and *Johnson v. United States,* 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005).
> Our Supreme Court recently held *Shepard* and *Johnson* do not affect *Ivory*. See *State v. Holt,* 285 Kan. 760, 777-78, 175 P.3d 239 (2008). This court is duty bound to follow Kansas Supreme Court precedent, absent some indication the court is departing from its previous position. *State v. Merrills*, 37 Kan.App.2d 81, 83, 149 P.3d

11

869, *rev. denied* 284 Kan. 949 (2007). In light of *Ivory* and *Holt,* the defendant's argument fails.

*Pruitt*, 2009 WL 3738497, *3.

Petitioner asserts that the Court of Appeals overruled *Apprendi* with *State of Kansas v. Ivory*, so that by relying on *Ivory* instead of *Apprendi*, the Kansas Court of Appeals violated clearly established United States Supreme Court precedent. The Court disagrees, finding *Ivory* consistent with *Apprendi*. In *Apprendi v. New Jersey*, 530 U.S. 466, 490, (2000), the United States Supreme Court held: " *Other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) This "prior conviction" exception originated in the earlier case of *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27 (1998), where the Court found that a prior conviction is a sentencing factor and is not an element of a crime, and thus need not be proven beyond a reasonable doubt.

The defendant in *Ivory* contended that *Apprendi* prevented the use of prior convictions to increase a sentence beyond the statutory maximum unless proven to a jury beyond a reasonable doubt. The Kansas Supreme Court rejected that claim in *Ivory*. The Kansas Court of Appeals' reliance on *Ivory's* holding is thus consistent with *Apprendi*.

The Court of Appeals' failure to mention *Apprendi* or the many subsequent United States Supreme Court cases reaffirming *Apprendi* is

immaterial because complying with AEDPA does not require citation of Supreme Court cases, or even awareness of them, so long as neither the reasoning nor the result of the state-court decision contradicts them. *Early v. Packer*, 537 U.S. 3, 8 (2002). Such is the case here.

**VI. Other Claims are Procedurally Defaulted**

Petitioner additionally claims that he was coerced into accepting a plea offer in violation of his right to equal protection under the 14th Amendment, and that his trial counsel was ineffective for failing to accommodate his mental defect when explaining the plea offer to him and for coercing him into accepting the no contest plea. Respondent contends, and this Court agrees, that these claims are procedurally defaulted because Petitioner failed to raise them before the state court.

The record reflects that Petitioner did not raise any of these issues before the Kansas Court of Appeals or the Kansas Supreme Court. After addressing Petitioner's claim that he should have been allowed to withdraw his plea based on the testimony of his alibi witness, the Court of Appeals stated:

> The defendant does not offer argument on appeal as to the remaining grounds he offered for withdrawal of his plea before the district court. Clearly, issues not briefed by the appellant are deemed waived or abandoned. *State v. Martin*, 285 Kan. 994, 998, 179 P.3d 457 (2008).

*Pruitt*, 2009 WL 3738497, 2. Petitioner raised no claim of ineffective assistance of counsel to the state district court or the state appellate courts.

Because Petitioner has not shown that he presented these claims for review by the highest state court, federal habeas review of these claims is barred unless Petitioner demonstrates both cause for his procedural default and resulting prejudice, or that a fundamental miscarriage of justice will result if his claims are not considered. *See Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009). Petitioner does not allege or demonstrate cause for his failure to present these claims to the state court. *See Coleman,* 501 U.S. at 750 (finding that " 'cause' under the cause and prejudice test must be something external to the petitioner.") Neither has Petitioner shown actual prejudice. The "cause and prejudice" exception is thus not applicable.

Nor has Petitioner demonstrated that he qualifies for review under the fundamental miscarriage of justice exception. *Herrera v. Collins*, 506 U.S. 390, 403–04 (1993). To be excused from procedural default on the basis of this exception, petitioner must supplement his constitutional claim with a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *Brecheen v. Reynolds*, 41 F.3d 1343, 1356 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135 (1995). Petitioner claims he is innocent, but fails to make a colorable showing of actual innocence. *Cf, United States v. Hickok*, 907 F.2d 983, 985 n. 2 (10th Cir. 1990) (finding defendant's assertion of his subjective belief in his own innocence insufficient to warrant

14

withdrawing his plea). Accordingly, these claims are procedurally barred from federal habeas review.

**Evidentiary Hearing**

The court finds no need for an evidentiary hearing. "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Anderson v. Attorney Gen. of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005); *see Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). The record in this case refutes Petitioner's allegations and otherwise precludes habeas relief.

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or of the procedural claims wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See United States v. Bedford*, 628 F.3d 1232 (10th Cir. 2010). Petitioner has not

met this standard as to any issue presented, so no certificate of appealability shall be granted.

IT IS THEREFORE ORDERED that Petitioner's writ of habeas corpus (Dks. 1, 7) is denied.

IT IS FURTHER ORDERED that Petitioner's motion for relief (Dk. 19) and motion for judgment (Dk. 21) are denied for the same reasons set forth above.

Dated this 28th day of November, 2012 at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge